UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM CHATMAN,
    Plaintiff,

vs.                                                                          11-1257

GUY PIERCE, et.al.,
    Defendants.

## MERIT REVIEW ORDER

       This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The Plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The Plaintiff has named five Defendants including Warden Guy Pierce, Illinois Department of Corrections Director Gladyse Taylor and Correctional Officers John Heath, Lance Tinsley and Angelica Joyner.

       Much of the Plaintiff's complaint centers on his claim that Defendant Health "intentionally falsified two unjust disciplinary reports against Plaintiff in retaliation for Plaintiff filing complaints and grievance against the Defendant." (Comp, p. 5). The Plaintiff also claims the remaining Defendants either knew the disciplinary tickets were false, or violated his due process rights during the Adjustment Committee Hearings. The Plaintiff has attached copies of the Adjustment Committee Reports which show that the Plaintiff was found guilty of both disciplinary tickets and as a result received three months of C grade status, 3 months in segregation and three months of an audio/visual restriction. (Comp, p. 22, 24)

       The procedural protections of the Due Process Clause will only be triggered if state action implicates a constitutionally protected interest in life, liberty, or property. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71(1972). Therefore, the court examines a "procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989), *citations omitted.* The Plaintiff cannot pass the first hurdle because the discipline imposed does not involve a liberty or property interest. *See Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir.1997) (two weeks denial of commissary privileges does not implicate liberty interest); *Whitford v. Boglino* 63 F.3d 527, 533 FN 7 (7th Cir. 1995) (demotion to C-grade for six months does not implicate federal due process rights);.*Antoine v.*

*Uchtman,* 2008 WL 1875948 at 1(7th Cir. April 29, 2008)(one month in segregation is not due process violation). Therefore, the Plaintiff has failed to state a due process claim against any of the named Defendants based on the two disciplinary tickets.

The Plaintiff also says Defendant Heath retaliated against him for his past grievances and complaints by not only filing false disciplinary tickets against him, but also tampering with his food trays and mail, limiting showers, cutting off his water supply and threatening him. The Plaintiff claims Defendants Pierce and Taylor knew about Defendant Heath's retaliation and did nothing to stop it. For the purposes of notice pleading, the Plaintiff has adequately stated that these three Defendants violated his First Amendment rights. To prevail on his First Amendment retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir.2009). Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *Walker,* 288 F.3d 1005; *De Walt v. Carter*, 224 F.3d 607 (7th Cir.2000); *Babcock v. White*, 102 F.3d 267 (7th Cir.1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir.1988)

The court notes that the Plaintiff's complaint also includes one other vague claim. The Plaintiff says he was placed in a cell for six days that had dried urine and feces around the toilet and no water from the faucet. However, the Plaintiff does not state when this occurred or who knew about the conditions of his cell. The Plaintiff has attached 47 pages of exhibits to his complaint. (Comp., p. 13-60) The court was unable to find a grievance that related to the Plaintiff's living conditions and mentioned any specific time frame or Defendants. Nonetheless, it is the Plaintiff's responsibility to clearly state his claims in the body of his complaint and he should not expect the court or the Defendants to wade through his exhibits in hopes of piecing together potential claims. Furthermore, the Plaintiff is reminded that he cannot bring a claim before this court until he had exhausted all administrative remedies for that claim. *See* 42 U.S.C. §1997e(a).

Therefore, the Plaintiff's allegation concerning the condition of his cell does not provide proper notice to the Defendants. *Airborne Beepers & Video, Inc. v. A.T. & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)("at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8"). If the Plaintiff wishes to proceed with this claim, he must at least provide a general time frame and state which Defendants knew about the condition of his cell and refused to move him or provide cleaning supplies. The Plaintiff may file an amended complaint to include this claim, but his amended complaint must set out all claims against all Defendants, and should not make reference to the Plaintiff's original complaint. This will help prevent confusion over intended claims and Defendants.

The Plaintiff has filed a motion for appointment of counsel. [d/e 4]. The Plaintiff says he cannot afford an attorney and has not been able to find one to represent him. In considering the Plaintiff's motion, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case,

does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not demonstrated any attempt to find counsel on his own. He has not provided the names of any specific attorneys he has tried to contact, nor has he provided copies of any letters sent or received. His motion is denied. [d/e 4].

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the Plaintiff has alleged the following claim: Defendant John Heath, Guy Pierce and Gladyse Taylor violated the Plaintiff's First Amendment rights when Defendant Heath retaliated against the Plaintiff for previous grievances and complaints and Defendants Pierce and Taylor were aware of the retaliation and did nothing to stop it.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the Clerk of the Court is to dismiss Defendants Lance Tinsley and Angelica Joyner.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The Plaintiff's motion for appointment of counsel is denied. [d/e 4]**

Entered this 31st Day of August, 2011.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE